**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**MICHAEL W. MURPHY (09),**

    **Defendant.**

**Case No. 14-20068-09-DDC**

## MEMORANDUM AND ORDER

This matter comes before the court on pro se[1] prisoner Michael Murphy's Motion for Release from Custody (Doc. 505).[2] The government has responded to Mr. Murphy's motion (Doc. 508). The court construes the motion as one seeking two forms of relief: (1) an order transferring Mr. Murphy to home confinement, or (2) compassionate release under 18 U.S.C. § 3582(c)(1). Doc. 505 at 1–2. For reasons explained below, the court dismisses the motion because it is without jurisdiction to decide it.

---

[1] Because Mr. Murphy proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

[2] Mr. Murphy currently is represented by counsel, who has filed a Motion to Vacate under 28 U.S.C. § 2255 on Mr. Murphy's behalf that presently is assigned to Judge Julie A. Robinson. Doc. 480; *see also* Aug. 23, 2019 Docket Annotation. "The Supreme Court has recognized a constitutional right to self-representation, but not to simultaneous self-representation and representation by counsel (known as hybrid representation)." *United States v. Couch*, 758 F. App'x 654, 655–56 (10th Cir. 2018). Although there is no constitutional right to hybrid representation, the court has discretion to allow it. *Id.*; *United States v. Treff*, 924 F.2d 975, 979 n.6 (10th Cir. 1991) ("The decision to allow hybrid representation and to limit the defendant's participation in such representation is within the discretion of the trial court."). Exercising its discretion, the court elects to accept Mr. Murphy's pro se motion in this instance and allow hybrid representation for purposes of this motion only.

I.  Discussion

Mr. Murphy seeks release based on the COVID-19 pandemic under both the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136 (enacted March 27, 2020), 134 Stat. 281, and the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). For the reasons described below, and based on the present record, the court lacks jurisdiction to grant relief under either provision.

A.  CARES Act

Before a prisoner's release at the end of his custody sentence, the Director of the Bureau of Prisons ("BOP") may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). But the recently-enacted CARES Act expands the BOP's discretion in ordering home confinement. It provides: "the Director of [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under . . . [§] 3624(c)(2) . . . ." CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020).

The CARES Act authorizes the BOP—not courts—to expand the use of home confinement. *United States v. Read-Forbes*, No. 12-20099-01-KHV, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); *United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2 n.10 (D. Kan. Apr. 10, 2020) (explaining that the CARES Act lengthens the duration that BOP's director may elect to place an inmate in home confinement, and that this procedure is separate from the court's jurisdiction to reduce a sentence under the compassionate

release statute, § 3582(c)(1)(A) (citing *United States v. Perry*, No. 18-cr-00480-PAB, 2020 WL 1676773, at *2 n.2 (D. Colo. Apr. 3, 2020))).

In sum, the court lacks jurisdiction to order home confinement under this CARES Act provision.

### B. Compassionate Release

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'" *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)). The compassionate release statute, 18 U.S.C. § 3582(c), permits a court to modify a term of imprisonment only if certain exceptions apply. Until recently, these exceptions required the Bureau of Prisons to bring a motion on a defendant's behalf. But in 2018, the First Step Act modified the compassionate release statute and authorized a defendant to bring his own motion for relief. First Step Act of 2018, Pub. L. No. 115-391, § A 603(b)(1), 132 Stat. 5194 (2018). After this amendment, a defendant could bring a motion for compassionate release from custody but only if he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). But, unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify a sentence or grant other relief. *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (noting that without an express statutory authorization, a court lacks jurisdiction to modify a sentence).

Assuming the statutory prerequisites are met, the court may grant relief under 18 U.S.C. § 3582(c)(1)(A) if (i) "extraordinary and compelling reasons" warrant a sentence reduction, or

(ii) "the defendant is at least 70 years of age, has served at least 30 years in prison, . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community . . . ."

Construing Mr. Murphy's motion as one seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), the court finds that Mr. Murphy has failed to show that he has "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf or, alternatively, that 30 days have elapsed since he submitted a request for a motion to the warden.  18 U.S.C. § 3582(c)(1)(A).  Indeed, Mr. Murphy does not report that he even has filed a request for compassionate release with his warden.  *See generally* Doc. 505.  Because Mr. Murphy has not submitted his request to the warden—at least, he has not shown he submitted such a request—he has failed to show that he has exhausted his administrative remedies.  So, the court lacks jurisdiction to decide his motion.

The court thus dismisses Mr. Murphy's motion (Doc. 505).  *See Johnson*, 766 F. App'x at 651 (noting that when a court lacked statutory authority to modify a sentence, it "should have dismissed the motion for lack of jurisdiction"); *see also White*, 765 F.3d at 1250 (holding that "dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of" a § 3582 motion where the defendant failed to meet a statutory exception).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Michael Murphy's Motion for Release from Custody (Doc. 505) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

**Dated this 21st day of May, 2020, at Kansas City, Kansas.**

s/ Daniel D. Crabtree  
Daniel D. Crabtree  
United States District Judge

4